IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN SOBOTKA,<br><br>Plaintiff,<br><br>vs.<br><br>CATHY REDFERN, MEDICAL SERVICES MANAGER; DR. KOHUT, DOCTOR; and DR. PINE, ORTHOPEDICS,<br><br>Defendants. | CV 16-00047-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Shawn Sobotka filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants denied him treatment for a knee injury. (Doc. 2.) The Complaint fails to state a federal claim against Dr. Pine. Dr. Pine should be dismissed from this action. Defendants Redfern and Dr. Kohut will be required to file a response to Mr. Sobotka's Complaint.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Sobotka is a state prisoner proceeding in forma pauperis and without counsel. He is currently incarcerated at Montana State Prison (MSP). He names the following Defendants: Cathy Redfern, medical services manager at MSP; Dr. Kohut, a doctor at MSP; and Dr. Pine, an orthopedic doctor at the Anaconda

1

Clinic. (Doc. 2 at 5-6.)

### B. Allegations

Mr. Sobotka alleges that Defendants have denied him corrective surgery for a tear in his lateral meniscus in his right knee since March 2014. He contends that he has been in constant pain and Ms. Redfern and Dr. Kohut have denied him corrective surgery in order to save the prison money. (Doc. 2 at 6-7.) Mr. Sobotka alleges Dr. Pine's failure to discuss his treatment plan with the medical providers at MSP contributed to the denial of corrective knee surgery. (Doc. 2 at 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. Sobotka is a prisoner proceeding in forma pauperis, therefore the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

In order to establish a claim for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his or her serious medical needs. *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, "a prisoner

must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted).

To meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a plaintiff's medical care. *Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical

care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Mr. Sobotka's allegations that Ms. Redfern and Dr. Kohut denied medical care for financial reasons and allowed him to suffer substantial pain are sufficient to state a claim for denial of medical care. These Defendants will be required to respond to Mr. Sobotka's claims.

Mr. Sobotka's allegations against Dr. Pine, however, are insufficient to rise to the level of deliberate indifference. The only allegation against Dr. Pine is that he failed to communicate treatment options with the medical providers at the prison. There is no allegation that Dr. Pine was responsible for Mr. Sobotka's medical care or had any authority to decide on treatment options for Mr. Sobotka. More importantly, regardless of Dr. Pine's opinion, it was the prison's decision whether or not to provide treatment/surgery for Mr. Sobotka. Mr. Sobotka's allegations are insufficient to establish that Dr. Pine deprived him of treatment for a serious medical need and that he did so with a subjectively culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). He failed to allege sufficient facts to plausibly suggest that Dr. Pine's actions and/or inactions were

5

the cause of his injuries. Dr. Pine should be dismissed from this action.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Redfern and Kohut to waive service of summons of Mr. Sobotka's Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

    * Complaint (Doc. 2);
    * this Order;
    * a Notice of Lawsuit & Request to Waive Service of Summons; and
    * a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Sobotka <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Sobotka must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

**RECOMMENDATION**

Dr. Pine should be DISMISSED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Sobotka may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of December 2016.

/s/ John Johnston
John Johnston
United States Magistrate

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| SHAWN SOBOTKA,<br><br>Plaintiff,<br><br>vs.<br><br>CATHY REDFERN, MEDICAL SERVICE MANAGER; DR. KOHUT, DOCTOR; and DR. PINE, ORTHOPEDICS,<br><br>Defendants. | CV 16-00047-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

1

were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 14th day of December 2016.

       /s/ John Johnston
      John Johnston
      United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN SOBOTKA,<br><br>Plaintiff,<br><br>vs.<br><br>CATHY REDFERN, MEDICAL SERVICE MANAGER; DR. KOHUT, DOCTOR; and DR. PINE, ORTHOPEDICS,<br><br>Defendants. | CV 16-00047-H-DLC-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)